Case 4:12-cv-00282-A Document 13 Filed 09/19/12 Page 1 of 9 PageID 64

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 19 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| REBECCA BREAUX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-282-A |
| | § | |
| ACS INDUSTRIES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant, ACS Industries, to dismiss the complaint of plaintiff, Rebecca Breaux, under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction based upon plaintiff's alleged failure to exhaust administrative remedies. After having considered such motion, plaintiffs' response, and applicable legal authorities, the court has concluded that the motion should be denied.

I.

Background

On May 6, 2012, plaintiff filed her complaint in the above-captioned action in this court, alleging age discrimination in

violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, ("ADEA") and Section 21.002 of the Texas Labor Code. Compl. at 1-2, 3-4. Defendant filed its answer on June 4, 2012, alleging as an affirmative defense that plaintiff's claims were barred for lack of subject matter jurisdiction due to plaintiff's failure to exhaust her administrative remedies. Defendant then filed its motion to dismiss and accompanying appendix on August 3, 2012, and plaintiff filed her response and accompanying appendix on August 24, 2012.

II.

Plaintiff's Allegations

Plaintiff alleged in her complaint that:

Plaintiff was employed by defendant as a commission salesperson for approximately twenty-two years, beginning in 1986. In early 2011 plaintiff "captured a multi-million dollar account from Lockheed." Compl. at 3, ¶ 3.3. On or about April 18, 2011, prior to receiving her commission on the Lockheed account, plaintiff "went out on a leave of absence" and returned around May 18, 2011. Id. at 3, ¶ 3.4. Upon plaintiff's return, defendant "took [her] accounts and gave them to a younger associate who was in his mid-20's." Id. at ¶¶ 3.4 and 3.5.

2

Next, defendant "refused to award Plaintiff her commission" for the Lockheed account, and "refused to assign Plaintiff any accounts forcing her to resign." Id. at ¶¶ 3.6-3.7.

On February 6, 2012, plaintiff filed an EEO charge with the Equal Opportunity Employment Commission ("EEOC"), alleging discrimination based on age; however, plaintiff "identified the incorrect date of her resignation," and the EEOC dismissed the charge as untimely and "provided a Notice of Suit Rights to Plaintiff dated February 12, 2012." Id. at ¶ 3.8.

At the time of her resignation plaintiff was fifty-five years of age. She was intentionally constructively discharged by defendant due to her age. Her accounts were taken away from her, and given to a person approximately thirty years younger. Due to her age, she was deprived of her commission. Defendant's proffered reasons for engaging in the adverse employment actions against her were pretextual. Defendant's treatment of plaintiff constituted discrimination based on her age in violation of the ADEA and comparable provisions of the Texas Labor Code.

III.

Grounds of the Motion

Defendant's motion centers around the fact that plaintiff initially filed an EEOC charge containing dates of discrimination that rendered her claim untimely, and the EEOC dismissed the charge as such. Defendant alleges that plaintiff did not amend her original charge, and that the time frame for the alleged discriminatory events described by plaintiff in her complaint was not included in her EEOC charge and therefore cannot be considered by the court.

IV.

Plaintiff's Response to the Motion

Plaintiff's response to the motion is accompanied by plaintiff's declaration, in which she stated:

1. On February 6, 2012, I appeared at the Dallas District office of the Equal Employment Opportunity Commission (EEOC) and filed a charge of discrimination against my former employer Defendant ASC Industries.

2. At the time I filed my charge, I had trouble remembering the exact dates I was placed on medical leave and resigned from my employment. I provided the dates to the best of my recollection at the time.

4

3.  The EEOC issued me a copy of my charge and Notice of Rights form that indicated my charge was being dismissed because I had waited too long to file.

4.  When I returned home, I checked my records and realized I had provided the incorrect dates of my medical leave and resignation.

5.  I returned to the Dallas office on February 14, 2012, explained my error to the intake clerk and asked if I could re do my charge. She told me I could not because it was based on the same facts as the charge I had filed the week before.

6.  When I asked her what to do to correct the problem, she provided me with two copies of my initial charge. She crossed out the dates on both copies and put in the correct dates I had given her. I initialed the changes she made. She date and time stamped the documents and gave me one of the copies. Attached as App. 005 is a true and accurate copy of what I was given by the EEOC on February 14, 2012.

7.  When I asked the clerk about receiving another Dismissal and Notice of Rights, I was told I was not going to be given another one because the one I had already received from them was fine.

Resp., App. at 1-2. Attached to the declaration is a copy of the originally filed Charge of Discrimination, showing that the dates when the discrimination took place were "Earliest 03-18-2011" and "Latest 04-18-2011," id. at 3, and another copy of the same document showing that the dates on the original version were marked through and that the handwritten date "4/18/11" was added to replace the "03-18-2011" date and that the handwritten date "5/18/11" was added to replace the "04-18-2011" date. There was

5

no change in the text of the part of the Charge of Discrimination that gave the particulars of plaintiff's complaint of discrimination. In other words, the text continued to show that "[o]n March 18, 2011, I was forced on medical leave" and that "[o]n or about April 18, 2011, I was forced to resign due to my salary being decreased drastically" and "[i]n addition, my accounts were given to a younger male employee who I trained." Id. at 3, 5. There is a "Received" stamp on the copy with the handwritten date changes showing that it was received by the Dallas District Office of the EEOC on February 14, 2012. Id. at 5.

In reliance on 29 C.F.R. §§ 1601.12(b) and 1626.8(c), plaintiff argues that her amendment to the Charge of Discrimination was authorized, and that it related back to the date she originally made the charge.

V.

Analysis

A. Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rule of Civil Procedure allows a party to move to dismiss an action for lack of subject matter jurisdiction. The Court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." See Home Builders

6

Ass'n of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). In deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. Id. A Rule 12(b)(1) motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. Home Builders Ass'n, 143 F.3d at 1010.

B. Application of the Standard

In this action, it is not apparent from the face of the pleadings and applicable documents that plaintiff failed to exhaust her administrative remedies, and therefore it is not apparent that plaintiff cannot state a claim for discrimination under the ADEA.

Defendant first argues that because plaintiff's first charge with the EEOC was dismissed as untimely, she is barred from filing suit in this court. Mot. at 4. Defendant argued that even though plaintiff explained that she initially provided incorrect dates on the charge, her "remedy was to amend the

7

Charge in the EEOC." Id. Plaintiff responded by stating that she did, in fact, amend the charge by correcting the dates and initialing the corrections, and submitting the amended charge to the EEOC. Resp. at 2.

Defendant's next argument centers around its contention that plaintiff "never amended the Charge to correct any alleged 'error,' although she could--and indeed, should--have done so." Mot. at 4. It appears, however, that defendant is mistaken insofar as plaintiff did return to the EEOC and amend her original Charge to provide the correct dates at one place on the Charge. Resp. at 2; Pl.'s App. at 1-2, 5. Thus, because defendant's argument relied on a failure to amend contention, the argument fails.[1]

Defendant's third argument is that the dates when plaintiff contends she was subjected to discrimination are outside the scope of her original Charge and that, therefore, she is barred from asserting any claims that occurred after April 18, 2011, the latest date of discrimination listed in plaintiff's original charge. Mot. at 5-6. Defendant argued that since the date alleged in plaintiff's original complaint in the above-captioned

---

[1] The court is not passing judgment now on the effect of plaintiff's use in the "The Particulars" section of the Charge of Discrimination of the March 18, 2011 and April 18, 2011 dates. Defendant's motion does not seem to be based on plaintiff's use of those dates, but instead on the "Earliest" and "Latest" dates used in the Charge as originally filed.

8

action "falls outside the dates alleged in the EEOC charge, the EEOC was effectively deprived of the opportunity to investigate and mediate the claim. As such, Plaintiff has failed to exhaust her administrative remedies." Mot. at 6. Once again, however, defendant has overlooked the fact that plaintiff amended her original Charge with the EEOC to correct those dates. Further, plaintiff points out that when plaintiff amended her Charge, the EEOC had the opportunity to investigate plaintiff's claims, "but elected to leave the dismissal and notice of right to sue in place." Resp. at 3.

VI.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, denied.

SIGNED September 19, 2012.

JOHN McBRYDE
United States District Judge